1  RICHARD MAC BRIDE, SB# 199695
   LAW OFFICES OF RICHARD A. MAC BRIDE
2  865 Marina Bay Parkway, Suite 43
3  RICHMOND, CA 94804
   Phone 415-730-6289
4  Fax 510-439-2786
   Attorney for Jose Daniel Castillo-Antonio
5

6               UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
7

| | |
|---|---|
| Jose Daniel Castillo-Antonio | Case Number 20-1809 KAW |
| Plaintiff, | |
| Vs. | NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| Angela Xiomara Martinez, et al., | |
| Defendants. | FILED CONCURRENTLY HEREWITH: DECLARATION OF RICHARD MAC BRIDE; [PROPOSED] FIRST AMENDED COMPLAINT; [PROPOSED] FIRST AMENDED SUMMONS; [PROPOSED] ORDER |
| | Date: October 15, 2020<br>Time: 1:30 pm<br>Courtroom: TBD<br>Judge: Kandis A. Westmore |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 15, 2020, at 1:30 pm, or as soon thereafter as this matter can be heard before the Honorable Kandis A. Westmore of the United States District Court for the Northern District of California, at Oakland, California (via Zoom meeting as per the Court's special procedures), Plaintiff will move and hereby moves for leave to amend the complaint to add Mendi Pourabedin and Roya Iranpour as defendants.

---

Notice of Motion and Motion to Amend Complaint 20-1809 KAW
-1-

1  Mendi Pourabedin and Roya Iranpour are not presently a part of this action, and therefore no
2  meeting was held or attempted to be held with them or their counsel.
3
4  This motion is based on the attached memorandum of points and authorities in support thereof, the
5  declaration of Richard A. Mac Bride in support thereof, and all files and pleadings in this action.
6
7  Date: August 23, 2020
8  Signed: Richard A. Mac Bride /s/ Richard A. Mac Bride
9                                   Attorney for Plaintiff

___

Notice of Motion and Motion to Amend Complaint 20-1809 KAW

MEMORANDUM OF POINTS AND AUTHORITIES

1. In this motion, Plaintiff seeks to add Mendi Pourabedin and Roya Iranpour as defendants. Prior to filing this lawsuit, Plaintiff's counsel hired a service company to obtain the property deed to ascertain the name of the owner of the real property. However, the service company obtained the wrong deed. Once Plaintiff's counsel became aware of the error, he investigated the ownership by obtaining a property profile from a title company and by contacting the county tax assessor. (See Declaration of Richard A. Mac Bride, filed herewith, in support of this motion.)

2. As alleged in the First Amended Complaint ("FAC"), Mendi Pourabedin and Roya Iranpour have actively enabled, facilitated, and contributed to the violation of the Americans With Disabilities Act and California disability access laws. They have done so by operating a property, and allowing a business to be operated in said property, in violation of such laws.

3. Good cause exists to grant this motion under the extremely liberal standards of Rule 15(a). Federal Rule of Civil Procedure 15(a)(2) states that leave to amend "shall be freely given when justice so requires." The allegations of the FAC, if proven, would render Mendi Pourabedin and Roya Iranpour liable for infringement of the Americans With Disabilities Act and California disability access laws.

4. Other factors considered by the courts in evaluating motions to amend under Rule 15 similarly militate in favor of permitting amendment here. The Complaint was filed on March 13, 2020. Plaintiff has been diligent, and once Plaintiff's counsel was put on notice of a possible error regarding ownership, he has taken prompt action to investigate and correct the error. (See Declaration of Richard A. Mac Bride, filed herewith.) There has also been some delay due to the coronavirus. For example, the county tax assessor's office closed down for a time, and subsequently re-opened with reduced services. Obtaining services from title companies has also been delayed.

5. Plaintiff alerted the defendants to the possibility of amending the complaint to add parties in Paragraph 9 of the original complaint. Adding (1) the present owners of the real property as

defendants will not prejudice existing defendant Angela X. Martinez. This litigation is at a fairly early stage. Angela Xiomara Martinez filed a letter with the Court on April 13, 2020. On the basis of this letter, the Clerk of the Court refused to allow the default of defendant Martinez on May 14, 2020 (see Docket #11). Therefore, the Court has apparently deemed this filing to be the equivalent of an answer. The joint site inspection pursuant to General Order No. 56 has not yet been held. Accordingly, Plaintiff respectfully requests that pursuant to Rule 15, the Court grant the motion to amend.

6. Courts generally consider four factors when evaluating a plaintiff's request to amend a complaint: (1) bad faith or dilatory motive; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. Plaintiff has shown good faith, and once he became aware of a possible error, he is now taking prompt action to add the new defendants. Plaintiff has not delayed unduly. We are at an early stage of the case. The existing defendant will not suffer any prejudice by adding these new defendants, who are the owners of the subject real property. Finally, it is not futile to amend the complaint to add the property owners, who are liable under federal and state law under the allegations in the complaint, and who are indispensable in order to obtain and enforce an order to remove the barriers to disabled access.

Respectfully submitted,

/s/ Richard A. Mac Bride

Richard A. Mac Bride, Attorney for Plaintiff

August 23, 2020